■ In the Matter of RODDELL A., a Person Alleged to be a

Juvenile Delinquent, Appellant.—Final order of disposition of the Family Court, New York County (Leah Marks, J.), entered on or about December 4, 1989, by which appellant was adjudicated a juvenile delinquent and placed on probation for a period of one year, after a fact-finding hearing and determination that appellant committed acts that if committed by an adult, would have constituted the crimes of second degree robbery and fourth degree criminal facilitation, unanimously affirmed, without costs.

Upon reviewing the evidence adduced at the fact-finding hearing, we find no basis to disturb the trier of fact's determination to credit the testimony of the complainant, and that legally sufficient evidence was adduced in support of the finding of guilt concerning the two offenses.

Appellant, who knew in advance that one of his two cohorts intended to steal a bicycle from the 11-year-old complainant, stood by with fists clenched while appellant's cohort pushed complainant off his bike and punched him to the ground. When the complainant attempted to get up, appellant stepped forward threateningly, causing the complainant to back down. Afterwards, appellant and a third youth rode away on another bike. Appellant's conduct in discouraging complainant's resistance constituted sufficient evidence to hold appellant liable as an accessory. *(People v Crutchfield,* 149 AD2d 857, *lv denied* 74 NY2d 738.)

Lastly, we find that the hearing court properly intervened in the examination of the complainant in order to elicit significant facts. *(See, People v Guarino,* 131 AD2d 875, 876, *lv denied* 70 NY2d 875.)* Concur—Murphy, P. J., Sullivan, Carro and Milonas, JJ.