■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN CHENEY, Appellant.—Judgment unanimously affirmed. Memorandum: The verdict was not against the weight of the evidence.

We reject defendant's request that we remit the matter to the trial court to determine if the prosecutor violated his obligation under *People v Rosario* (9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, 15 NY2d 765). Defendant admits that the record on appeal is insufficient for us to determine whether any *Rosario* violation occurred. It was appellant's burden to present a clear factual record for review *(People v Rashid, 164 AD2d 951, lv denied 76 NY2d 943; People v Hentley, 155 AD2d 392, 393, lv denied 75 NY2d 919)*. Having failed to request a hearing to determine whether any *Rosario* material existed, having failed to register any objection to the prosecutor's failure to turn over *Rosario* material, and having failed to apply for sanctions, defense counsel has not preserved the issue for appellate review *(see, People v Nuness, 151 AD2d 987, lv denied 74 NY2d 816)*.

Lastly, defendant failed to preserve for appellate review his contention that the court's charge on interested witnesses unduly singled out defendant as an interested witness. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.