■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAY ORTIZ, Appellant. [595 NYS2d 482] —Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered November 22, 1991, which convicted defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree, and sentenced him to concurrent terms of 3½ to 10½ years and 1⅓ to 4 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People, and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt beyond a reasonable doubt of robbery in the second degree and grand larceny in the fourth degree, on an acting in concert theory, is amply supported. *(See, People v Bleakley,* 69 NY2d 490.) Further, upon an independent review of the facts, we find that the

verdict was not against the weight of the evidence. *(People v Bleakley, supra.)* The victim testified that defendant threatened him with an ice pick, which was recovered from defendant only minutes after the robbery occurred. While defendant testified that his involvement in the incident resulted from his attempt to separate his codefendant and the victim from fighting, and that he did not threaten the victim with an ice pick, the jury was entitled to determine which account of the incident it found credible. *(People v Atkins,* 182 AD2d 531.)

Defendant's accessorial liability was established by the victim's testimony that defendant threatened him with an ice pick in a punching motion as his jacket was searched by the codefendant. *(Matter of Roddell A.,* 165 AD2d 790.)* Moreover, defendant's codefendant kept the victim's jacket after the victim slid from it and ran. Thus, there was a " 'taking or severance of the goods from the possession' " of the victim which was sufficient to establish defendant's larcenous intent. *(People v Smith,* 140 AD2d 259, 260.) Concur—Carro, J. P., Kupferman, Kassal and Rubin, JJ.