■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO CIRO, Appellant. [600 NYS2d 490] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), entered July 1, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that a chain of custody was not established with regard to the narcotics transaction that occurred on January 24, 1985, is without merit. The trial testimony indicated that immediately following the sale, the undercover officer initialed and dated the package, and then gave it to a member of the backup team, who placed the narcotics in a sealed envelope, filled out identification tags, and brought the narcotics to the police vault. Later, the backup officer delivered the narcotics to the police laboratory chemist, who testified that he received this evidence in an intact and sealed condition, and that the package was in the same condition at trial as it appeared following his analysis. The foregoing "provided reasonable assurances of the identity of the narcotics and of their unchanged condition" *(People v Grant,* 179 AD2d 677, 678; *see, People v Newman,* 129 AD2d 742). The fact that at trial, the undercover officer was initially unable to remember or see his initials on the package being admitted into evidence was not reflective of deficiencies in the chain of custody, but rather was revelant to the weight of the evidence *(see, People v Connelly,* 35 NY2d 171, 175).

The defendant's contention regarding the alleged charge error is unpreserved for appellate review (CPL 470.05 [2]). In any event, viewing the trial court's charge as a whole *(see, People v Canty,* 60 NY2d 830, 831-832), we find that it sufficiently informed the jurors of the People's obligation to lay a foundation for the narcotics evidence by establishing a proper chain of custody.

The *Rosario* violations claimed by the defendant are unpreserved for appellate review, as the defendant either failed to request the documents he claims were withheld, or did not request sanctions for any possible noncompliance *(see, People v Rogelio,* 79 NY2d 843, 844; *People v Rivera,* 78 NY2d 901; *People v Sheppard,* 185 AD2d 904; *People v Cheney,* 178 AD2d 1007).* Having failed to do so, the record on appeal is insufficient for us to determine whether any *Rosario* violation occurred.

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).* Bracken, J. P., Balletta, O'Brien and Copertino, JJ., concur.