■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUCIANO SPATARO, Appellant. [612 NYS2d 699] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that errors in the court's charge require reversal of defendant's conviction of murder in the second degree. The court's charge on reasonable doubt, as a whole, conveyed the proper standard to the jury and was not confusing. The court's "no inference" charge was "consistent in substance with the intent of the statute" (People v Gonzalez, 72 AD2d 508; see, CPL 300.10 [2]) and did not go beyond the plain and simple language of the statute (cf., People v La Dolce, 196 AD2d 49). Defendant did not object to the court's charge on accomplice corroboration, and therefore, that issue has not been preserved for our review (see, CPL 470.05 [2]; People v Velasquez, 76 NY2d 905, 908). In any event, in light of the overwhelming corroborative evidence of defendant's guilt, the error, if any, is harmless (see, People v Kimbrough, 155 AD2d 935, lv denied 75 NY2d 814; People v Mayo, 136 AD2d 748, lv denied 71 NY2d 971).

We reject the contention of defendant that his right to be present at all material stages of the proceedings against him was violated when the court conducted an in-chambers conference with an FBI agent and an Assistant United States Attorney concerning a motion to quash a subpoena served by defense counsel. That conference did not involve "factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (People v Dokes, 79 NY2d 656, 660). Similarly, defendant was not denied his fundamental right to be present at all material stages of the trial when the court questioned two sworn jurors for possible disqualification in defendant's absence (see, People v Torres, 80 NY2d 944, 945; People v Williams, 202 AD2d 1004 [decided herewith]; People v Sanders, 199 AD2d 1011; People v Jack, 199 AD2d

980). Further, the contention of defendant that he is entitled to reversal or a remittal for a hearing to reconstruct the record of certain side-bar conferences conducted during the trial in his absence lacks merit because he has not alleged that his absence impacted his defense.

Finally, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495), that the prosecutor met his obligation under *Brady v Maryland* (373 US 83) to disclose falsehoods in witnesses' testimony regarding promises of leniency *(see, People v Steadman,* 82 NY2d 1), and that the sentence imposed is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.