■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANITA DIGIULIO MARVIN, Appellant. [629 NYS2d 566] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of murder in the second degree in connection with her role in the shooting death of her husband. Defendant and her codefendant were tried jointly. Defendant, however, waived her right to a jury trial, whereas the codefendant was tried by a jury.

Defendant contends that reversal is required because the prosecutor failed to turn over *Brady* and *Rosario* materials. She admits, however, that the "record on this appeal does not contain the full evidentiary development necessary to support [her contention]", and she requests this Court "to hold its disposition in abeyance pending the outcome of the pending CPL motions". We decline defendant's request and conclude that the issues regarding alleged *Brady* and *Rosario* violations involve matters outside the record and, therefore, are not properly before us *(see generally, People v Cheney,* 178 AD2d 1007, *lv denied* 79 NY2d 945). Similarly, the contention of defendant that she was deprived of effective assistance of counsel involves, in part, matters that are outside the record and thus, beyond our review. To the extent that the record permits review of that contention, we conclude that it is lacking in merit. The record establishes that defendant's trial attorney provided meaningful representation *(see generally, People v Rivera,* 71 NY2d 705, 708-709).

Defendant further contends that reversal is required because Supreme Court gave an incorrect charge on reasonable doubt to the jury regarding the codefendant's case. Defendant contends that the court must have applied the same allegedly flawed reasoning in determining defendant's guilt. That contention lacks merit. Initially, we note that, on the codefendant's appeal, we previously determined that "[t]he court's charge on reasonable doubt, as a whole, conveyed the proper standard to the jury" *(People v Spataro,* 202 AD2d 1005, *lv denied* 84 NY2d 833). Furthermore, in a bench trial, it is presumed that the Judge sitting as the trier of fact made his decision based upon "appropriate legal criteria" *(People v Moreno,* 70 NY2d 403, 406).

The court did not abuse its discretion in denying the motion

of defendant to sever her trial from that of the codefendant *(see,* CPL 200.40 [1]; *cf., People v Mahboubian,* 74 NY2d 174). Defendant was not denied her fundamental right to be present at all material stages of the proceedings against her *(see, People v Spataro, supra),* and defendant was not denied her due process rights by the admission of certain testimony from two prosecution witnesses regarding the "benefits" they received in exchange for their testimony against defendant. Finally, we conclude that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). (Appeal from Judgment of Supreme Court, Erie County, Marshall, J.—Murder, 2nd Degree.) Present—Green, J. P., Fallon, Callahan, Doerr and Davis, JJ.