■ The People of the State of New York, Respondent, v Victor J. Licitra, Appellant. [654 NYS2d 631] —Appeal by the defendant from a judgment of the County Court, Westchester County (Rosen, J.), rendered April 21, 1995, convicting him of driving while intoxicated as a felony, aggravated unlicensed operation of a vehicle in the first degree, and failure to drive on the right side of the roadway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the statement of a bartender who observed him prior to the crime constituted *Brady* material. The People claim this statement was turned over to the defense, but the defense counsel does not recall receiving it. Without deciding whether the statement did in fact constitute *Brady* material, we cannot determine from this record whether the material was in fact withheld from the defense (*see, People v Ciro,* 195 AD2d 568). "It was the appellant's burden to present a clear factual record for review" (*People v Cheney,* 178 AD2d 1007; *see, People v Marvin,* 216 AD2d 930). Therefore, the defendant's claim that he was deprived of *Brady* material must be rejected.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.