■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA LUCAS, Appellant. [737 NYS2d 732] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered July 26, 2000, convicting defendant after a nonjury trial of, inter alia, robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing defendant's conviction of assault in the second degree under the second count of the indictment, vacating the sentence imposed thereon and dismissing the second count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a bench trial of robbery in the second degree (Penal Law § 160.10 [2] [a]) and assault in the second degree (Penal Law § 120.05 [6]). As the People correctly concede, the assault conviction cannot stand because the assault count is an inclusory concurrent count of the robbery count (see, CPL 300.30 [4]; 300.40 [3] [b]; People v Brinson, 216 AD2d 900, 901, lv denied 87 NY2d 844; People v Patterson, 192 AD2d 1083). We therefore modify the judgment by reversing defendant's conviction of assault in the second degree under the second count of the indictment, vacating the sentence imposed thereon and dismissing that count. In view of our decision, we do not address defendant's remaining challenges to the assault conviction.

We reject the contention of defendant that County Court

employed an incorrect standard of proof in reaching its verdict (*see, People v Marvin*, 216 AD2d 930, *lv denied* 86 NY2d 844) and failed to make the necessary finding that she acted with the mental culpability required for the commission of robbery in the second degree (*see,* Penal Law § 20.00). "[I]n a bench trial, it is presumed that the Judge sitting as the trier of fact made his decision based upon 'appropriate legal criteria'" (*People v Marvin, supra* at 930, quoting *People v Moreno,* 70 NY2d 403, 406). We reject the further contention of defendant that the evidence is legally insufficient to establish either her liability as an accessory (*see, Matter of Roddell A.,* 165 AD2d 790, 791; *see also, People v Farmer,* 156 AD2d 1003, 1003-1004, *lv denied* 75 NY2d 868) or that the security guard sustained a physical injury (*see,* Penal Law § 10.00 [9]; *People v Durant,* 190 AD2d 615, 616, *lv denied* 81 NY2d 1013; *People v Block,* 168 AD2d 940, *lv denied* 77 NY2d 875). Finally, the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Present—Green, J.P., Pine, Kehoe and Gorski, JJ.