■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY WINKFIELD, Appellant. [843 NYS2d 605]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 5, 2006, convicting defendant, after a jury trial, of two counts each of robbery in the second degree and attempted robbery in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The evidence established that the police had reasonable suspicion to stop the livery cab in which defendant was riding. Furthermore, the court properly exercised its discretion when it denied defendant's application, made during trial, to reopen the hearing for the purpose of bringing in the livery cab driver who would allegedly contradict an officer's testimony concerning his ability to make certain observations. Defendant failed to establish that he could not have discovered this information "with reasonable diligence before the determination of the motion" (CPL 710.40 [4]). From the inception of the case, defendant was aware that the cab driver was a potential witness with regard to suppression issues (*see People v Meachem*, 288 AD2d 162 [2001], *lv denied* 97 NY2d 758 [2002]). In any event, we conclude that it is unlikely that the cab driver's testimony would have changed the outcome of the suppression hearing.

The court properly denied defendant's request for new counsel (*see e.g. People v Pitman*, 25 AD3d 361 [2006], *lv denied* 6 NY3d 816 [2006]). In the colloquy that followed defendant's request, he had ample opportunity to provide specific reasons for assignment of new counsel, but he made no effort to do so.

We perceive no basis to reduce the sentence. Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.