■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE BEST, Appellant. [991 NYS2d 441]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lebowitz, J.), rendered June 10, 2011, convicting him of burglary in the second degree (three counts), burglary in the third degree (two counts), robbery in the second degree, and robbery in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's pretrial motion to renew that branch of his omnibus motion which was to suppress evidence of a lineup identification.

Ordered that the judgment is modified, on the law, by vacating the convictions of burglary in the third degree (counts four and seven) and robbery in the third degree (count five), vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

In October 2007 and November 2007, respectively, women were robbed in two separate incidents in Queens County. In each case, the victim lived in a multifamily residence served by an outside front door used by all residents to gain access to the building, leading to a vestibule from which a resident could then gain access to individual apartments. In each case, the perpetrator knocked on the outside front door of the victim's building, just after she had entered the vestibule. When each woman opened the outside front door to her building, the perpetrator propped open the door with his foot, grabbed the victim's purse through the opening, thereafter entered the vestibule, struggled with the victim, and ran away with the purse. The first victim reported that, after the perpetrator took

her purse, he entered a black car and drove away. She also provided a license plate number for the car she saw, and a police investigation eventually led to the defendant. Each victim separately viewed a lineup conducted in December 2007. Both victims identified the defendant as the perpetrator during the lineup, and at trial.

Prior to the trial, the defendant moved to suppress evidence of the lineup identifications as unduly suggestive. The motion was denied and, almost two years later, the defendant moved to renew his suppression motion, contending that the lineup was conducted in violation of his right to counsel. This motion also was denied. Subsequently, after a jury trial, the defendant was found guilty, in connection with the first incident, of burglary in the second degree (counts one and two), robbery in the second degree (count three), burglary in the third degree (count four), and robbery in the third degree (count five). He was also found guilty in connection with the second incident of burglary in the second degree (count six), burglary in the third degree (count seven), and robbery in the third degree (count eight). The defendant appeals.

First, contrary to the defendant's assertions, the Supreme Court did not err in denying his motion to renew. Clearly, the defendant knew of the circumstances of the lineup and whether or not he asked for the assistance of counsel prior to the lineup. The defendant's conclusory allegations, unsupported by any evidence or affidavit, were insufficient to satisfy his burden of showing reasonable diligence in bringing the allegedly new facts to the court's attention (*see People v Winkfield*, 44 AD3d 499, 500 [2007]; *People v Musgrove*, 261 AD2d 640, 641 [1999]).

At trial, the defendant requested a jury charge that he contended was relevant to the issue of "cross-racial identification" (*State v Cromedy*, 158 NJ 112, 115, 727 A2d 457, 458 [1999]). However, on the record presented, the Supreme Court properly denied the defendant's requested jury charge (*People v German*, 45 AD3d 861, 861 [2007]; *People v Ellison*, 8 AD3d 400, 401 [2004]).

The defendant's contention that the trial court violated the procedure for the consideration of jury notes, as set forth in *People v O'Rama* (78 NY2d 270 [1991]), is unpreserved for appellate review, as, under the circumstances of this case, the error was not a mode of proceedings error, as defense counsel had notice of each of the jury's notes and failed to object when the error could have been cured (*see People v Williams*, 21 NY3d 932, 935 [2013]; *People v DeRosario*, 81 NY2d 801, 803 [1993]; *People v Lykes*, 81 NY2d 767 [1992]; *People v Kahley*, 105 AD3d

1322, 1324 [2013]; *People v Jackson*, 52 AD3d 1052, 1053-1054 [2008]).

The defendant's claim of ineffective assistance of counsel, asserted in his pro se supplemental brief, is without merit. He was not deprived of his right to the effective assistance of counsel, who provided meaningful representation (*see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Walston*, 101 AD3d 1156, 1156-1157 [2012], *mod on other grounds* 23 NY3d 986 [2014]).

However, as the People correctly concede, burglary in the third degree is a lesser-included offense of burglary in the second degree, and robbery in the third degree is a lesser-included offense of robbery in the second degree (*see* Penal Law §§ 140.25 [1] [b]; [2]; 140.20; *see also* Penal Law §§ 160.10 [2] [a]; 160.05). Thus, we vacate the defendant's convictions of burglary in the third degree (counts four and seven) and robbery in the third degree (count five), vacate the sentences imposed thereon, and dismiss those counts of the indictment (*see* CPL 300.40 [3] [b]; *People v Lee*, 39 NY2d 388, 390 [1976]; *People v Ortiz*, 95 AD3d 1140, 1141 [2012]). Skelos, J.P., Chambers, Duffy and LaSalle, JJ., concur.