■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUSTIN WILLIAMS, Appellant. [994 NYS2d 426]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered July 27, 2012, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

To the extent the defendant contends that the evidence was legally insufficient to establish his guilt of robbery in the second degree, that contention is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his guilt of robbery in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court engaged in premature deliberations, and in doing so violated the statutorily prescribed order of trial proceedings under CPL 320.20 (3), is without merit.

Contrary to the defendant's contention, the record does not reflect that the Supreme Court shifted the burden of proof. Moreover, the Supreme Court neither violated the defendant's rights to counsel, to due process, to present a defense, or to confront witnesses, nor deprived him of the opportunity to

deliver a summation (*see People v Borja*, 110 AD3d 824, 824 [2013]; *People v Bright*, 256 AD2d 50, 51 [1998]; *People v Lloyd*, 210 AD2d 163, 163 [1994]; *People v Jennings*, 144 AD2d 696, 696-697 [1988]). Eng, P.J., Dillon, Duffy and Barros, JJ., concur.