■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH M. FOWLER, Appellant. [5 NYS3d 656]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered November 30, 2011. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and unlawful imprisonment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of unlawful imprisonment in the first degree (§ 135.10). We reject defendant's contention that the conviction of robbery is not supported by legally sufficient evidence. Viewing the evidence in the light most favorable to the People (*see generally People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to establish defendant's liability as an accessory in causing the victim's injuries and forcibly stealing the victim's property, and to establish that he was aided by another person (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Lucas*, 291 AD2d 890, 891 [2002]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Although

we agree with defendant that County Court abused its discretion in its *Sandoval* ruling in allowing the prosecutor to question him concerning a juvenile delinquency adjudication (*see People v Gray*, 84 NY2d 709, 712 [1995]), we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We otherwise reject defendant's contention that the court's *Sandoval* ruling was an abuse of discretion (*see generally People v Reid*, 34 AD3d 1273, 1274 [2006], *lv denied* 8 NY3d 884 [2007]). We also reject defendant's contention that he was deprived of a fair trial based on prosecutorial misconduct (*see People v Jones*, 114 AD3d 1239, 1241 [2014], *lv denied* 23 NY3d 1038 [2014]; *People v Koonce*, 111 AD3d 1277, 1279 [2013]). Defendant failed to preserve for our review his contention that he was penalized for asserting his right to a trial, and that contention lacks merit in any event (*see People v Miller*, 115 AD3d 1302, 1305-1306 [2014], *lv denied* 23 NY3d 1040 [2014]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Lindley, Valentino and DeJoseph, JJ.