# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

273

KA 12-01593

PRESENT: SCUDDER, P.J., LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KENNETH M. FOWLER, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS.,
SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F.
Kocher, J.), rendered November 30, 2011. The judgment convicted
defendant, upon a jury verdict, of robbery in the second degree (two
counts) and unlawful imprisonment in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of two counts of robbery in the second degree
(Penal Law § 160.10 [1], [2] [a]) and one count of unlawful
imprisonment in the first degree (§ 135.10). We reject defendant's
contention that the conviction of robbery is not supported by legally
sufficient evidence. Viewing the evidence in the light most favorable
to the People (*see generally People v Contes*, 60 NY2d 620, 621), we
conclude that there is a valid line of reasoning and permissible
inferences to establish defendant's liability as an accessory in
causing the victim's injuries and forcibly stealing the victim's
property, and to establish that he was aided by another person (*see
generally People v Bleakley*, 69 NY2d 490, 495; *People v Lucas*, 291
AD2d 890, 891). Furthermore, viewing the evidence in light of the
elements of the crimes as charged to the jury (*see People v Danielson*,
9 NY3d 342, 349), we reject defendant's contention that the verdict is
against the weight of the evidence (*see generally Bleakley*, 69 NY2d at
495). Although we agree with defendant that County Court abused its
discretion in its *Sandoval* ruling in allowing the prosecutor to
question him concerning a juvenile delinquency adjudication (*see
People v Gray*, 84 NY2d 709, 712), we conclude that the error is
harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242). We
otherwise reject defendant's contention that the court's *Sandoval*
ruling was an abuse of discretion (*see generally People v Reid*, 34
AD3d 1273, 1274, *lv denied* 8 NY3d 884). We also reject defendant's

contention that he was deprived of a fair trial based on prosecutorial misconduct (*see People v Jones*, 114 AD3d 1239, 1241, *lv denied* 23 NY3d 1038; *People v Koonce*, 111 AD3d 1277, 1279).  Defendant failed to preserve for our review his contention that he was penalized for asserting his right to a trial, and that contention lacks merit in any event (*see People v Miller*, 115 AD3d 1302, 1305-1306, *lv denied* 23 NY3d 1040).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 20, 2015                      Frances E. Cafarell
                                              Clerk of the Court