People v Young (2018 NY Slip Op 07465)





People v Young


2018 NY Slip Op 07465


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-00699
 (Ind. No. 2242/14)

[*1]The People of the State of New York, respondent,
v
David Young, appellant.


Paul Skip Laisure, New York, NY (Laura B. Indellicati of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Timothy R. McGrath of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joel L. Blumenfeld, J.), rendered December 21, 2015, convicting him of robbery in the first degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the first degree after a nonjury trial. On appeal, he contends that, in reaching its verdict, the trial court improperly shifted the burden of proof
to him and violated his right against self-incrimination.
"[I]n a bench trial, it is presumed that the Judge sitting as the trier of fact made [her or] his decision based upon appropriate legal criteria" (People v Lucas, 291 AD2d 890, 891 [internal quotation marks omitted]; see generally People v Moreno, 70 NY2d 403, 406). Here, the record as a whole—which includes the trial judge's unequivocal statements that the defendant had no obligation to testify and that the People proved the defendant's guilt beyond a reasonable doubt—does not reflect that the court shifted the burden of proof or convicted the defendant based upon his failure to testify (see People v Williams, 122 AD3d 647; cf. People v Fields, 87 NY2d 821, 823).
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court