People v Stallone (2022 NY Slip Op 02439)

People v Stallone

2022 NY Slip Op 02439

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.

2018-14688
 (Ind. No. 1873/17)

[*1]The People of the State of New York, respondent,
v
Jerome Stallone, appellant.

Mark Diamond, New York, NY, for appellant, and appellant pro se.
Raymond A. Tierney, District Attorney, Riverhead, NY (Timothy P. Finnerty and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered October 26, 2018, convicting him of robbery in the first degree, burglary in the second degree, and burglary in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of burglary in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for the issuance of an amended uniform sentence and commitment sheet in accordance herewith.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions, raised in his main brief and his pro se supplemental brief, that he was deprived of the effective assistance of counsel are based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitute a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a post-conviction motion pursuant to CPL article 440 to vacate the judgment of conviction on the ground of ineffective assistance of counsel, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion (see [*2]People v Lopez-Alvarado, 194 AD3d 961, 962-963; People v Meyn, 193 AD3d 1080, 1081).
Contrary to the defendant's contention, he was not deprived of his right to testify since he did not make a request to testify, but, rather, to have certain evidence read into the record (cf. People v Morgan, 149 AD3d 1148, 1153; People v Harden, 99 AD3d 1031, 1032-1033).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review since the defendant failed to object to the remarks at issue (see CPL 470.05[2]; People v Munnerlyn, 193 AD3d 981, 982; People v Luciano, 192 AD3d 1045, 1046). In any event, the contention is without merit. The challenged remarks were either fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), a fair response to issues raised in the defense summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious as to have deprived the defendant of a fair trial (see People v Morales, 171 AD3d 945, 947).
The defendant's contention, raised in his pro se supplemental brief, that the County Court failed to comply with the procedure for addressing jury notes set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Martinez, 186 AD3d 1530, 1532). The alleged procedural defect did not constitute a mode of proceedings error which would obviate the preservation requirement, as the record demonstrates that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the contents of the jury notes at issue (see People v Nealon, 26 NY3d 152, 160-161; People v Price, 197 AD3d 1182, 1184; People v Martinez, 186 AD3d at 1532). The related contention raised in the defendant's pro se supplemental brief, that the court failed to meaningfully respond to certain of the jury's requests for supplemental instruction, is also unpreserved for appellate review (see People v Morris, 27 NY3d 1096, 1098), and in any event, without merit (see People v Malloy, 55 NY2d 296, 303).
As the People correctly concede, burglary in the third degree is a lesser included offense of burglary in the second degree (see Penal Law §§ 140.20, 140.25[1][c]; People v Best, 120 AD3d 707, 709). Thus, we vacate the defendant's conviction of burglary in the third degree, vacate the sentence imposed thereon, and dismiss that count of the indictment (see CPL 300.40[3][b]; People v Lee, 39 NY2d 388, 390; People v Best, 120 AD3d at 709).
Contrary to the defendant's contention, his 1991 conviction of criminal possession of a weapon in the third degree, in violation of former Penal Law § 265.02(4), constituted a conviction of a violent felony offense for predicate sentencing purposes (see People v Smith, 27 NY3d 652, 670). Moreover, the defendant's vague allegations during the sentencing proceeding were insufficient to warrant a hearing on whether his 1997 conviction of robbery in the first degree was unconstitutionally obtained (see People v Shepard, 268 AD2d 540, 540).
We note, however, that the defendant was incorrectly sentenced as a persistent felony offender pursuant to Penal Law § 70.10, instead of as a persistent violent felony offender pursuant to Penal Law § 70.08 (see People v Weiss, 122 AD2d 180, 181). However, no prejudice ensued to the defendant as a result of the error; therefore, vacatur of the defendant's sentence is not required (see People v Coffey, 124 AD2d 814, 814). The uniform sentence and commitment sheet, however, indicates that the defendant was sentenced as a persistent violent felony offender, and must be modified to conform with the predicate felon adjudication actually made by the County Court. Accordingly, the matter must be remitted to the County Court, Suffolk County, for the issuance of an amended uniform sentence and commitment sheet (see People v Marks, 128 AD3d 852, 854).
CONNOLLY, J.P., CHRISTOPHER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court