People v Coleman (2022 NY Slip Op 03842)

People v Coleman

2022 NY Slip Op 03842

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND BANNISTER, JJ.

469 KA 18-01094

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CORWIN L. COLEMAN, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered June 15, 2017. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, robbery in the third degree and assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of robbery in the third degree and assault in the second degree and dismissing counts one and three of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law § 160.10 [2] [a]), robbery in the third degree (§ 160.05), and assault in the second degree (§ 120.05 [6]). Preliminarily, as defendant contends and the People correctly concede, robbery in the third degree is a lesser included offense of robbery in the second degree (see People v Best, 120 AD3d 707, 709 [2d Dept 2014], lv denied 25 NY3d 987 [2015]). Moreover, although not raised by the parties, we note that assault in the second degree under section 120.05 (6) is a lesser included offense of robbery in the second degree under section 160.10 (2) (a) (see People v Perez, 93 AD3d 1032, 1039 [3d Dept 2012], lv denied 19 NY3d 1000 [2012]; People v Lucas, 291 AD2d 890, 890 [4th Dept 2002]). We therefore modify the judgment by reversing those parts convicting defendant of robbery in the third degree and assault in the second degree and dismissing counts one and three of the indictment (see Best, 120 AD3d at 709; Lucas, 291 AD2d at 890).
In light of our decision, we need not address defendant's challenges to the weight and sufficiency of the evidence with respect to counts one and three. Defendant's challenges to the legal sufficiency of the evidence supporting his conviction of robbery in the second degree are unpreserved for appellate review (see People v Gray, 86 NY2d 10, 19 [1995]). Moreover, viewing the evidence in light of the elements of robbery in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict finding defendant guilty of that crime is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court