People v Taylor (2022 NY Slip Op 05170)

People v Taylor

2022 NY Slip Op 05170

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-12011
 (Ind. No. 1824/17)

[*1]The People of the State of New York, respondent,
v
Damon Taylor, appellant.

Matthew W. Brissenden, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Fran Ricigliano, J.), rendered September 26, 2019, convicting him of criminal possession of a controlled substance in the third degree (five counts), criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel did not move to controvert a search warrant and suppress physical evidence seized in the execution thereof is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective counsel (People v Maxwell, 89 AD3d 1108, 1109; see People v Stallone, 204 AD3d 841, 842). Since the defendant's claim of ineffective assistance of counsel cannot be fully resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). Although the defendant made a postconviction motion pursuant to CPL article 440 to vacate the judgment of conviction, inter alia, on the ground of ineffective assistance of counsel, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion (see People v Stallone, 204 AD3d at 842; People v Coleman, 125 AD3d 879, 881).
CONNOLLY, J.P., RIVERA, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court