People v Smith (2024 NY Slip Op 03623)

People v Smith

2024 NY Slip Op 03623

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, KEANE, AND HANNAH, JJ.

356 KA 17-00157

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRUCE D. SMITH, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMY N. WALENDZIAK OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered January 13, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the fourth degree and dismissing count 2 of the indictment, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]). The conviction stems from the recovery of a loaded handgun that was discovered in a safe in defendant's residence during the execution of a search warrant. Defendant, who was on probation at the time because of a prior conviction of criminal possession of a weapon in the fourth degree, was at a scheduled meeting in the probation office when the search warrant was executed at his residence. In a subsequent videotaped interrogation, defendant admitted that the handgun was his firearm.
Contrary to defendant's contention, we conclude that County Court did not err in ruling that the People could present Molineux evidence that defendant was on probation when the handgun was recovered. Here, the evidence was "necessary in order to complete the narrative of the crime[s] charged" (People v Couser, 126 AD3d 1419, 1420 [4th Dept 2015], affd 28 NY3d 368 [2016] [internal quotation marks omitted]; see People v Washington, 122 AD3d 1406, 1408 [4th Dept 2014], lv denied 25 NY3d 1173 [2015]), and the court did not abuse its discretion in determining that the probative worth of the evidence on that matter outweighed the danger of unfair prejudice to defendant (see People v Redfield, 144 AD3d 1548, 1550 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]). We also reject defendant's contention that the court erred in refusing to grant a mistrial when the People played a portion of defendant's interrogation videotape that referred to the nature of his prior conviction in violation of the court's Molineux ruling. "Any prejudice to defendant that might have arisen from the mention of [prior] criminal activity was alleviated when [the c]ourt sustained defendant's objection and gave prompt curative instructions to the jury" (People v Houghtaling, 144 AD3d 1591, 1592 [4th Dept 2016], lv denied 29 NY3d 949 [2017], reconsideration denied 30 NY3d 950 [2017] [internal quotation marks omitted]; see People v Reyes-Paredes, 13 AD3d 1094, 1095 [4th Dept 2004], lv denied 4 NY3d 802 [2005]). Defendant's claim of prejudice necessarily assumes that the jury ignored the court's limiting instructions, and "the law does not permit such an assumption" (People v Cutaia, 167 AD3d 1534, 1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]).
Finally, although not raised by the parties, we note that criminal possession of a weapon [*2]in the fourth degree under Penal Law § 265.01 (1), of which defendant was convicted under count 2 of the indictment, is a lesser included offense of criminal possession of a weapon in the second degree under section 265.03 (3) as that offense was charged in count 1 of the indictment (see People v Laing, 66 AD3d 1353, 1355 [4th Dept 2009], lv denied 13 NY3d 908 [2009]; see generally People v Lee, 224 AD3d 1372, 1376 [4th Dept 2024], lv denied 41 NY3d 984 [2024]). We therefore modify the judgment by reversing that part convicting defendant of criminal possession of a weapon in the fourth degree under count 2 of the indictment and dismissing that count of the indictment (see People v Coleman, 206 AD3d 1710, 1710 [4th Dept 2022], lv denied 39 NY3d 961 [2022]; People v Ested, 129 AD3d 858, 859 [2d Dept 2015], lv denied 26 NY3d 1087 [2015], reconsideration denied 27 NY3d 964 [2016]).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court