■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY HALL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 25, 1976, convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence. Judgment affirmed. On appeal the defendant argues, inter alia, that he was denied his right to a speedy trial pursuant to CPL 30.30. Although approxi-

mately two and one-half years elapsed from the time of the first indictment (Dec., 1973) until the time of the trial (May, 1976), our review of the record shows that there has been no violation of the defendant's right to a speedy trial. CPL 30.30 requires the prosecution to be ready for trial within six months of the filing of the indictment. However, the six-month time limit was not designed to be absolute and unyielding (cf. *People v Gordon,* 47 AD2d 775) and the statute excludes certain periods from the time which is chargeable to the prosecution (CPL 30.30, subd 4). The bulk of the two and one-half-year delay resulted from adjournments which were requested or consented to by the defendant. Pursuant to CPL 30.30 (subd 4, par [b]), these periods are not chargeable to the prosecution. Another substantial source of delay was the preparation, filing and disposition of pretrial motions. These periods are excluded from the six-month time limit by CPL 30.30 (subd 4, par [a]). A third source of delay resulted from the failure or inability of the defendant or his counsel to appear. This time is excluded by CPL 30.30 (subd 4, pars [c], [d]). The only substantial period of time which is not directly attributable to the defendant is the period in which the prosecution was compelled to obtain a superseding indictment. This occurred because the stenographer who had taken the minutes of the Grand Jury proceedings had suffered a nervous breakdown and had transcribed unintelligible notes. As a result, the prosecution was unable to provide the Grand Jury minutes. While the ensuing delay was substantial, it is not chargeable to the prosecution by operation of CPL 30.30 (subd 4, par [g]), which excludes that delay which arises from "the exceptional circumstances of the case." The nervous breakdown of the stenographer was not within the prosecutor's control and constituted an exceptional circumstance, as envisioned by the statute. The total time chargeable to the prosecution is approximately five months, which is well within the statutory limit of CPL 30.30. The defendant's other contentions have also been examined and we find that they lack merit. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.