OPINION OF THE COURT
Gloria Goldstein, J.
Defendant moves to dismiss the indictments against him on the ground that he was denied his right to a speedy trial *1076 pursuant to CPL 30.30, 30.20, as well as the New York State and Federal Constitutions.
Based upon the credible evidence adduced at a hearing on defendant’s motion, the court makes the following findings of fact and conclusions of law:
Defendant is charged with three separate indictments accusing him of robbery, burglary and related crimes. The complaints upon which these indictments are based were filed, respectively, on April 1st, July 3rd and July 19, 1986. The indictments themselves were filed on April 21st, July 25th and July 28, 1986. Defendant has been incarcerated since August 8,1986.
On April 9, 1987, defendant was convicted of charges brought under a fourth indictment and sentenced to a term of IV2 to 15 years in prison. The three earlier indictments remained pending while defendant was transferred to the State correctional facility at Attica. During the period from September 8, 1987 to March 21, 1988, the People made no efforts whatsoever to produce the defendant from Attica for each of his scheduled court appearances. Specifically, defendant was not produced on September 15th, October 13th, October 23rd, November 4th, November 17, 1987; January 25th, January 27th, February 5th, February 10th and February 29, 1988. The People contend that during this time period, defense counsel requested adjournments, consented to adjournments, was absent on certain scheduled court dates and filed pretrial motions, all of which render this time excludable (CPL 30.30 [4] [b]).
The court agrees with defendant that this entire period of delay was attributable to the People’s failure to produce the defendant from prison, and, is not excludable pursuant to CPL 30.30 (4) (b).
CPL 30.30 (4) (b), which provides for exclusion based on defense consent to adjournments, operates on the premise that defendant waived the delay in the proceedings by requesting or consenting to these adjournments (see, People v Worley, 66 NY2d 523, 527). Contrary to waiver, this defendant, incarcerated and unable to make his scheduled court appearances due to the People’s failure to produce him, did everything within his power to assert his rights to a speedy trial. Two sets of inmates notice and request letters — specifically demanding a speedy trial — were sent by defendant to the District Attorney on September 11th and again on September 30, 1987. The notice and request letter read as follows:
*1077 "inmate’s notice and request
"(Pursuant to the provision of the Criminal Procedure Law Section 30.20)
"TO: Hon. Elizabeth Holtzman district attorney Kings County Supreme Court, Kings County
"You are hereby notified that the undersigned is now imprisoned in Attica Correctional Facility, Attica, NY 14011, and hereby requests that a final disposition be made of the following Indictments), Information, or Complaint(s), now pending against him:
"Kings County Warrant, charging Burglary 1st Degree, Ind. No. 4459/86
"Kings County Warrant, charging Burglary 2nd Degree, Ind. No. 2019/86
"Kings County Warrant, charging Burglary 2nd Degree, Ind. No. 4853/86”
These letters were ignored and relegated to the People’s archives with defendant’s file on the charges for which he was convicted. On May 5, 1988, the first date that defendant was produced in court (as well as on each subsequent date), he vehemently demanded a trial of his pending cases. On May 18, 1988, the present speedy trial motion was prepared and filed by defendant pro se. On June 15, 1988 the cases were transferred to this court and set down for a hearing on the motion.
A finding that defendant actually consented to the adjournments from September 15, 1987 to March 21, 1988, while he remained in Attica, would constitute little more than a legal fiction and is one which this court will not entertain. An incarcerated defendant simply cannot be deemed to have consented to the delay (see, People v Bernier, 141 AD2d 750, 754). The District Attorney was under an obligation to produce defendant for his scheduled court appearances (see, People v Scott, 56 AD2d 667). The District Attorney’s failure to make diligent efforts — or indeed any efforts — to produce this defendant cannot now be remedied through the expedient argument of "waiver” by the absent defendant. Such an argument is particularly offensive where, during the course of the delay to which the defendant is allegedly consenting, the prosecutor is in receipt of notices from the incarcerated defendant expressly demanding a speedy trial. At the very least, the court should have been apprised of the notices and demands of the defendant (see, People v Blue, 114 Misc 2d 383). Defense counsel’s consent to the adjournments in the absence of the defendant affords neither explanation nor excuse for *1078 the failure to produce the defendant for the trial of his indictments.
While Court of Appeals and appellate cases (People v Meierdiercks, 68 NY2d 613; People v Sinistaj, 111 AD2d 41, revd on other grounds 67 NY2d 236) have held that defense counsel’s consent adjournments are excludable without regard to the People’s state of readiness, in each of these cases, unlike the case at bar, defendant was either actually present in court standing by his attorney’s side, or was unable to be found despite the People’s due diligence. Where defendant is absent and his absence is solely attributable to the People’s actions or inactions, the court will not find waiver based on "defense” adjournments.
The People are chargeable with the 188-day delay from September 15, 1987 to March 21, 1988, in addition to the 20-day delay from April 1, 1986 to April 21, 1986 which the People already concede is chargeable to them. The total time chargeable being in excess of the 183-day ready period applicable to this case, the court need not consider any of the other alleged periods of delay (People v Jones, 105 AD2d 179, affd 66 NY2d 529). The defendant’s motion is granted and the indictments are dismissed.