■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SANTANA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 18, 1987, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The record amply supports the finding of the Supreme Court that the defendant's mother had the authority to consent, and did in fact voluntarily consent, to the entry of the police into the house in which she and the defendant lived *(see, People v Prochilo,* 41 NY2d 759; *People v Castillo,* 131 AD2d 495). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress evidence subsequently discovered in the home.

The defendant also argues that he should have been given his *Miranda* warnings before the police asked him, upon their initial entry to the home, about his whereabouts the previous night, and that his response to that question must therefore be suppressed. This argument must also be rejected. The evidence adduced in the record clearly demonstrates that this one question did not constitute custodial interrogation *(see, People v Yukl,* 25 NY2d 585; *People v Bryant,* 71 AD2d 564, *affd* 50 NY2d 949).

Finally, we have reviewed the defendant's remaining argument with respect to the alleged excessiveness of the sentence, and find it to be without merit *(see, People v Kazepis,* 101

AD2d 816; *People v Brown,* 114 AD2d 1036). Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.