■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. FITZGERALD, Appellant. [683 NYS2d 629] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 24, 1997, upon a verdict convicting defendant of the crime of driving while intoxicated.

Defendant was observed by a neighbor as he pulled into the driveway between their houses and ran over her son's bike. She also observed him "swaying", "stumbling" and "very intoxicated" as he exited the vehicle. After they had words over the incident, she summoned the police. Police Officers Patrick Leguire and John Frasier went to defendant's home to investigate and, according to Leguire, defendant's mother confirmed that her son had just been driving his truck and led them to a bedroom where he was asleep, fully clothed, on top of a bed.

Defendant was awakened by Leguire, who called his name and shook him "a little bit", and asked about the incident in the driveway. Defendant admitted that he had just driven his truck but denied hitting the bicycle or having consumed any

alcohol. Leguire detected the odor of alcohol on his breath and observed defendant's slurred speech and glassy, bloodshot eyes. After failing a field sobriety test at the police station, defendant was arrested for driving while intoxicated and *Miranda* warnings were administered, which he waived. Defendant consented to a chemical test which was performed approximately two hours after he was observed hitting the bike revealing a blood alcohol concentration of 0.22%. Defendant's conviction for driving while intoxicated following a jury trial has prompted this appeal.

First, defendant argues that his speedy trial motion was improperly denied by County Court. While a "[d]elay in providing Grand Jury minutes may be properly charged to the People if it can be shown that their action or inaction actually caused the delay" (*People v Dearstyne*, 215 AD2d 864, 866; *see, People v McKenna*, 76 NY2d 59, 63-64), no such showing has been made in this case. Here, the 45-day delay in turning over the Grand Jury minutes to defendant was not attributable to any action or inaction on the People's part but rather was due to the incapacity of the court stenographer. Indeed, the court stenographer submitted an affidavit to County Court averring that she "underwent major emergency medical surgery" resulting in a physician-ordered medical leave. Notably, the Grand Jury minutes were turned over to defendant the same day that the stenographer completed them. Under these circumstances, it was a proper exercise of discretion for County Court to decline to charge the People with the delay occasioned by her absence (*see, People v Hall*, 61 AD2d 1050, 1051).

Defendant also contends that County Court erred in failing to suppress the statements he gave to the two police officers at his home, which he alleges were the product of a custodial interrogation for which no *Miranda* warnings were given. The issue of whether a suspect is in custody so as to trigger the requirement that *Miranda* warnings be provided is generally a question of fact (*see, People v Centano*, 76 NY2d 837) and warrants an assessment of whether a reasonable person, innocent of any crime, would have thought that he or she was in custody (*see, People v Hicks*, 68 NY2d 234, 240; *People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). Upon our review of the suppression hearing, we are satisfied that the questioning of defendant did not take place in a police-dominated atmosphere. Rather, the questioning—which was brief and merely investigatory—took place in defendant's home after his mother consented to the police officers being there (*see, e.g., People v Santana*, 156 AD2d 493, *lv denied* 75 NY2d 924). Moreover,

defendant's ability to move was in no way restrained. Clearly, the officers' conduct was in the nature of investigatory police work and not, as defendant claims, in the nature of custodial interrogation. Defendant's related argument—that in the absence of these "illegally obtained statements" the police lacked probable cause to arrest him—is therefore also without merit.

Defendant finally argues that the trial evidence was legally insufficient to establish beyond a reasonable doubt that he operated a motor vehicle while intoxicated. We disagree. A verdict is legally sufficient if "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we find that there was more than sufficient evidence supporting the jury's conclusion that defendant operated his vehicle while intoxicated.

First and foremost, defendant admitted to Leguire that he had just driven his truck and parked it in the driveway (*see, People v Totman*, 208 AD2d 970, 971). Moreover, the neighbor testified that shortly before she witnessed defendant driving his truck into the driveway and over the bike, she observed him and a friend drinking beer on his front porch. She also testified that when defendant emerged from his truck they had an altercation during which he appeared intoxicated. This evidence, in conjunction with Leguire's testimony as to defendant's physical condition, his mother's acknowledgment that he had been driving, his failure to pass the field sobriety test at the station and the results of the breathalyzer, provided ample support for the jury's conclusion that defendant operated his vehicle while in an intoxicated condition (*see, People v Hasenflue*, 252 AD2d 829, 831-832; *People v Charland*, 194 AD2d 827).

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.