People v Martinez (2020 NY Slip Op 05055)





People v Martinez


2020 NY Slip Op 05055


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2017-01059
 (Ind. No. 450/11)

[*1]The People of the State of New York, respondent,
v
Sabas Martinez, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered December 16, 2016, convicting him of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (William J. Condon, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant, who allegedly attempted to kill his former girlfriend in front of their children, was charged with attempted murder in the second degree, assault in the first degree, burglary in the first degree, criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child (two counts). Following the defendant's first trial, the jury deadlocked with respect to the count of attempted murder in the second degree, but rendered a partial verdict convicting him of assault in the second degree, charged as a lesser-included offense of assault in the first degree, criminal possession of a weapon in the fourth degree (two counts), and endangering the welfare of a child (two counts). The County Court granted a mistrial with respect to the count of attempted murder in the second degree. After a retrial on that count, a different jury convicted the defendant of attempted murder in the second degree.
Contrary to the defendant's contention, the County Court properly denied that branch of his omnibus motion which was to suppress his statement to police as the evidence at the hearing established that the statement was spontaneously made and was not the product of police interrogation or its functional equivalent (see People v Lynes, 49 NY2d 286, 294-295; People v Barnes, 171 AD3d 1082; People v Hylton, 198 AD2d 301; People v Morris, 166 AD2d 674, 674-675).
The defendant failed to preserve for appellate review his contention that his retrial for attempted murder in the second degree was barred pursuant to CPL 40.20 on statutory double jeopardy grounds (see CPL 470.05[2]; People v Biggs, 1 NY3d 225, 231; People v Dodson, 48 NY2d [*2]36, 38). In any event, because the first trial ended in a mistrial on the count of attempted murder in the second degree, the retrial on that count was not barred by double jeopardy (see CPL 40.30[3]; Matter of Suarez v Byrne, 10 NY3d 523, 534; Matter of Plummer v Rothwax, 63 NY2d 243, 249-250).
The defendant's contention that he was denied his constitutional right to a speedy trial is not properly before this Court as the defendant did not advance that claim before the County Court (see People v Gott, 165 AD3d 1283, 1284). Furthermore, his statutory speedy trial motion (see CPL 30.30) was properly denied because all of the periods of delay set forth in his motion were excludable under CPL 30.30(4)(a) as delay occasioned by proceedings to determine the defendant's competency, or under CPL 30.30(4)(b) as delay occasioned by adjournments at the request of or with the consent of the defense. Thus, upon reviewing the record and the contentions set forth in the defendant's motion, the total amount of delay chargeable to the People was less than the six-month period set forth in CPL 30.30(1)(a). Accordingly, the motion was properly denied (see People v Rosa, 171 AD3d 1099, 1100; see also People v Patel, 160 AD3d 530; People v Lewins, 151 AD3d 575).
The defendant's contention that the County Court failed to comply with the procedure for addressing jury notes set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Ramirez, 15 NY3d 824, 825-826; People v Bonds, 157 AD3d 713, 714; People v Fabers, 133 AD3d 616, 617). The alleged procedural defect did not constitute a mode of proceedings error which would obviate the preservation requirement, as the record demonstrates that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the contents of the jury note (see People v Nealon, 26 NY3d 152, 160-161; People v Gibson, 147 AD3d 779, 779-780; People v Deokoro, 137 AD3d 1297, 1298; People v Fabers, 133 AD3d at 617). In any event, the contention is without merit.
The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to support the convictions (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was provided with meaningful representation at trial and sentencing (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 95).
The defendant's contention, raised in his pro se supplemental brief, that the amount of bail was excessive is not properly before this Court on this appeal (see People ex rel. Rosenthal v Wolfson, 48 NY2d 230, 232; People v Wolcott, 111 AD2d 943, 944).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., COHEN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court