People v Price (2021 NY Slip Op 04981)





People v Price


2021 NY Slip Op 04981


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-03471 
2018-08336
 (Ind. No. 1157/16)

[*1]The People of the State of New York, respondent,
v
Michael Price, appellant.


Joseph A. Hanshe, Sayville, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Daniel Bresnahan and Hilda Mortensen of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered March 15, 2018, convicting him of conspiracy in the second degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed June 28, 2018.
ORDERED that the appeal from so much of the judgment as imposed the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that the resentence is affirmed.
The Supreme Court did not deprive the defendant of the right to self-representation. While the defendant represented himself for several months during preliminary phases of the case, contrary to the defendant's contention, given the unique challenges and disadvantages incident to self-representation at trial, it was appropriate for the court to reassess whether the defendant wished to proceed to trial without the aid of counsel (see Iowa v Tovar, 541 US 77, 90; People v McIntyre, 36 NY2d 10, 17-18). Moreover, the record does not support the defendant's contention that the court's pretrial inquiry compelled or forced him to accept representation by counsel. In addition, to the extent the defendant sought, prior to jury selection, to represent himself in a hybrid capacity, or with counsel as a "legal advisor," the requests were not unequivocal (see People v Silburn, 31 NY3d 144, 150; People v Lundquist, 180 AD3d 806, 807; see generally People v Neree, 142 AD3d 1026, 1027). To the extent the defendant renewed his requests to proceed pro se after the trial commenced, the requests were untimely (see People v Crespo, 32 NY3d 176, 182; People v McIntyre, 36 NY2d at 17), and failed to assert compelling circumstances to relieve counsel in favor of self-representation (see People v Race, 78 AD3d 1217, 1218; People v Jones, 277 AD2d 1, 1).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt [*2]of two counts of conspiracy in the second degree beyond a reasonable doubt (see People v Artis, 63 AD3d 1173, 1173; People v Ortiz, 61 AD3d 779, 780). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we are satisfied that the verdict of guilt as to these counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention, raised in his pro se supplemental brief, that the Supreme Court failed to comply with the procedure for addressing jury notes set forth by the Court of Appeals in People v O'Rama (78 NY2d 270, 277-278) is unpreserved for appellate review (see People v Martinez, 186 AD3d 1530, 1532), and we decline to reach the contention in the exercise of our interest of justice jurisdiction. The alleged procedural defect did not constitute a mode of proceedings error which would obviate the preservation requirement, as the record demonstrates that the court fulfilled its core responsibilities under CPL 310.30 by providing defense counsel with meaningful notice of the contents of the jury notes at issue (see People v Nealon, 26 NY3d 152, 160-161; People v Martinez, 186 AD3d 1530, 1532).
Contrary to the defendant's contentions raised in his pro se supplemental brief, there is no basis in the record to conclude that he received ineffective assistance of counsel.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court