People v Hieronymus (2024 NY Slip Op 50990(U))

[*1]

People v Hieronymus

2024 NY Slip Op 50990(U)

Decided on June 20, 2024

District Court Of Suffolk County, 1st District

Sachs, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 20, 2024
District Court of Suffolk County, 1st District

People of the State of New York

against
Christopher M. Hieronymus, Defendant.

Docket No. CR-017021-22SU

Raymond A. Tierney, Esq.
District Attorney of Suffolk County
Janine Santorelli of Counsel
District Court Bureau
400 Carleton Avenue
Central Islip, NY 11722 (631) 853-7965
Bradley L. Kaufman, Esq.
Attorney for Defendant
Legal Aid Society of Suffolk County
400 Carleton Avenue
Central Islip, NY 11722
(631) 853-7770

Eric Sachs, J.

Upon the following papers read on this motion for omnibus relief ;
Notice of Motion/xxxxxxxxxxxxxxx and supporting papers X ;
Notice of Cross Motion and supporting papers;
Answering Affidavits and supporting papers X ;
Replying Affidavits and supporting papers X ;
Filed papers;
Other Exhibits X; Certificate(s) of Compliance X ;
(and after hearing counsel in support of and opposed to the motion) it is,
ORDERED that this omnibus motion by the defendant is decided as follows: The [*2]defendant's motion to dismiss all counts pursuant to CPL § 30.30 and § 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated is GRANTED. The defendant's motion to strike the People's October 3, 2022, CoC/SoR and Supplemental CoC/SoR, dated January 29, 2024, is GRANTED. The defendant's remaining motions are DENIED as moot.
On June 30, 2022, the defendant was arrested and charged with (1) one count of Operating a Vehicle While Ability Impaired by Drugs in violation of New York State Vehicle and Traffic Law ("VTL") § 1192.4, an unclassified misdemeanor [FN1]
, (2) one count of Driving While Ability Impaired by the Combined Influence of Drugs or of Alcohol and Drugs in violation of VTL § 1192.4-a, an unclassified misdemeanor, (3) Aggravated Unlicensed Operation of a Vehicle in the Third Degree in violation of VTL § 511.1, (4) Failure to Surrender License and Registration in violation of VTL § 340(a), an unclassified misdemeanor, along with three traffic infractions. He was arraigned on July 1, 2022.
By motion dated March 11, 2024, the defendant now moves (1) to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") § 30.30 and § 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated (2) to dismiss the accusatory instrument pursuant to the U.S. Constitution and New York State Constitution on the grounds that his constitutional speedy trial rights were violated and (3) to strike the People's October 3, 2022, CoC/SoR and Supplemental CoC/SoR, dated January 29, 2024.
This Court addresses the parties' arguments, below.
A. Prior Motion to Dismiss Based on an Alleged Speedy Trial Violation
On December 16, 2022, the defendant filed a motion to dismiss based on an alleged speedy trial violation. (Court file). In a written decision dated December 7, 2023, this Court denied the defendant's motion. (Decision and Order dated December 7, 2023 (hereinafter, "12/7/23 Order")). In so holding, this Court concluded that the People's October 3, 2022 CoC/SoR was valid and there were a maximum of seventy-two (79) days [from July 1, 2022 until August 2, 2022 (31 days); from August 2, 2022 until August 12, 2022 (10 days); from August 12, 2022 until August 24, 2022 (12 days); from August 24, 2022 until September 19, 2022 (26 days)] elapsed on the speedy trial clock. (See 12/7/2023 Order at p. 7).
B. Instant Motion to Dismiss Based on an Alleged Speedy Trial Violation
In the instant motion, the defendant has again moved to dismiss on the grounds that the People have violated his statutory and constitutional speedy trial rights. (See Def.'s Aff. at Point I.A-B, ¶¶ 18-50 & Point I.C, ¶¶ 51-60).
1. Statutory Speedy Trial Rights
CPL § 30.30(1)(b) provides, in pertinent part, that a motion to dismiss an accusatory instrument must be granted where the People are not ready for trial within: "ninety days from the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." In general, the filing of the accusatory instrument marks the 'commencement' of the case pursuant to CPL § 30.30, unless a statutory exception applies. (See CPL § 30.30(1)(b) and CPL § 1.20[17]). Where the defendant's appearance was obtained by desk appearance ticket, the criminal action is deemed commenced at arraignment. [*3](See CPL § 30.30(7)(b)).
Pursuant to CPL § 30.30(1)(b), with respect to the misdemeanor charges, the People were required to make an effective statement of their readiness for trial within 90 days of the commencement date of the within criminal action, taking into account all excludable time periods. The within criminal action was commenced with the filing of the accusatory instrument on June 30, 2022.[FN2]
The People filed their initial CoC/SoR ninety-five (95) days later, on October 3, 2022. (Court File) The People also filed Supplemental CoC/SoRs on January 29, 2024 and February 20, 2024. (Court File)
The defendant now contends that the People's initial CoC/SoR, as well as the January 29, 2024 Supplemental CoC/SoR, are both invalid; thus, all time from December 8, 2023 through the filing of the People's Supplemental CoC/SoR on February 20, 2024 (or seventy-four (74) additional days) is chargeable to the People. (See Def.'s Aff. at ¶¶ 15-16). When the time deemed chargeable to the People in the first motion (79 days) is included, the defendant contends that the People are chargeable with a total of one-hundred and fifty-three (153) days. (Id.).
In opposition, the People contend that all time from arraignment on July 1, 2022 until the filing of the instant motion on March 11, 2024 is excludable from the speedy trial calculation, with the exception of four time periods:[FN3]
the time from arraignment on July 1, 2022 until August 2, 2022 (31 days); the time from October 3, 2022 to October 24, 2022 (21 days); the time from April 20, 2023 to May 1, 2023 (11 days) and from December 8, 2023 until December 18, 2023 (10 days), which time (a total of 74 days) is chargeable to the People. (See People's Mem. of Law at p. 2/4).
This Court addresses the disputed time periods, below.
a. July 1, 2022 until August 2, 2022 [31 days]
In its prior decision and order dated December 7, 2023, this Court found that the time from July 1, 2022 until August 2, 2022 (31 days) is chargeable to the People.
Moreover, in their opposition to the instant motion, the People concede that the time from [*4]July 1, 2022 until August 2, 2022 (31 days) is chargeable to them. (See People's Mem. of Law at p. 2/4).
Accordingly, this Court deems the time from July 1, 2022 until August 2, 2022 (31 days) to be chargeable to the People.
b. August 2, 2022 until August 12, 2022 [10 days]
In its prior decision and order dated December 7, 2023, this Court found that the time from August 2, 2022 until August 12, 2022 (10 days) is chargeable to the People.
Accordingly, this Court finds that the time from August 2, 2022 until August 12, 2022 (10 days) is chargeable to the People pursuant to CPL § 30.30(4)( c )( i ). 
c. August 12 until August 24, 2022 [12 days]
In its prior decision and order dated December 7, 2023, this Court found that the time from August 12, 2022 until August 24, 2022 (12 days) is chargeable to the People.
Accordingly, this Court finds that the time from August 12, 2022 until August 24, 2022 (12 days) is chargeable to the People pursuant to CPL § 30.30(4)( c )( i ).
d. August 24, 2022 until September 19, 2022 [26 days]
In its prior decision and order dated December 7, 2023, this Court found that the time from August 24, 2022 until September 19, 2022 (26 days) is chargeable to the People.
Accordingly, this Court finds that the time from August 24, 2022 until September 19, 2022 (26 days) is chargeable to the People.
e. September 19, 2022 until October 3, 2022 [14 days]
In its prior decision and order dated December 7, 2023, this Court found that the time from September 19, 2022 until October 3, 2022 (14 days) is chargeable to the People.
Accordingly, this Court finds that the time from September 19, 2022 until October 3, 2022 (14 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
f. October 3, 2022 until October 24, 2022 [21 days]
The defendant apparently contends that the time from October 3, 2022 until October 24, 2022 (21days) is chargeable to the People.
In their opposition to the instant motion, the People concede that the time from October 3, 2022 to October 24, 2022 (21 days) is chargeable to them. (See People's Mem. of Law at p. 2/4).
As discussed herein (see Section C, infra), this Court has determined that the People's October 3, 2022 CoC/SoR is invalid and failed to stop the running of the speedy trial clock.
Accordingly, this Court deems the time from October 3, 2022 to October 24, 2022 (21 days) to be chargeable to the People.
g. October 24, 2022 until November 4, 2022 [11 days]
The defendant apparently contends that the time from October 24, 2022 until November 4, 2022 (11 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at p. 1/4).
Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for [*5]trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from October 24, 2022 until November 4, 2022 (11days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's fourth unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from October 24, 2022 until November 4, 2022 (11 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
h. November 4, 2022 until December 2, 2022 [28 days]
The defendant apparently contends that the time from November 4, 2022 until December 2, 2022 (29 days) is chargeable to the People.
It is unclear from the People's opposition what basis the People offer for exclusion of this time. (See People's Mem. of Law at p. 1/4). The People submitted no transcript from the court appearance in support of their opposition, and this Court's file indicates that the defendant was present but "arrived late." (Court file).
Even assuming, arguendo, this time were excludable, there are still more than 90 days elapsed on the speedy trial clock, as discussed below.
i. December 2, 2022 until January 20, 2023 [49 days]
The defendant apparently contends that the time from December 2, 2022 until January 20, 2023 (49 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status as of December 2, 2022. (See People's Mem. of Law at p. 1/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022. (Court file).
Accordingly, this Court finds that the time from December 2, 2022 until January 20, 2023 (49 days) is excludable pursuant to CPL § 30.30(4)(a).
j. January 20, 2023 until January 25, 2023 [5 days]
The defendant apparently contends that the time from January 20, 2023 until January 25, 2023 (21 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status from December 2, 20222 until January 20, 2023. (See People's Mem. of Law at p. 2/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022, but the motion was held in abeyance for plea negotiations. (Court file). This Court's file further indicates that the motion was pending as of January 25, 2023. (Court file).
Accordingly, this Court finds that the time from January 20, 2023 until January 25, 2023 [*6](21 days) is excludable pursuant to CPL § 30.30(4)(a).
k. January 25, 2023 until February 1, 2023 [7 days]
The defendant apparently contends that the time from January 25, 2023 until February 1, 2023 (7 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at p. 1/4).
As noted above, pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence."
It is this Court's opinion that the time from January 25, 2023 until February 1, 2023 (7 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's fifth unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from January 25, 2023 until February 1, 2023 (7 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
l. February 1, 2023 until April 20, 2023 [78 days]
The defendant apparently contends that the time from February 1, 2023 until April 20, 2023 (78 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant was "in warrant status." (See People's Mem. of Law at p. 1/4).
As noted above, pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from February 1, 2023 until April 20, 2023 (78 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's sixth unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's [*7]non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from February 1, 2023 until April 20, 2023 (78 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
m. April 20, 2023 until May 1, 2023 [11 days]
In their opposition to the instant motion, the People concede that the time from April 20, 2023 to May 1, 2023 (11 days) is chargeable to them. (See People's Mem. of Law at p. 2/4).
Accordingly, this Court deems the time from April 20, 2023 to May 1, 2023 (11 days) to be chargeable to the People.
n. May 1, 2023 until May 8, 2023 [7 days]
The defendant apparently contends that the time from May 1, 2023 until May 8, 2023 (7 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at p. 1/4).
As noted above, pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from May 1, 2023 until May 8, 2023 (7 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's seventh unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)(c)(i); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from May 1, 2023 until May 8, 2023 (7 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
o. May 8, 2023 until May 11, 2023 [3 days]
The defendant apparently contends that the time from May 8, 2023 until May 11, 2023 (3 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(b) because the adjournment was essentially at the defendant's request insofar [*8]as the adjournment was for the purpose of permitting the defendant to screen for TASC, for the purpose of obtaining a more favorable plea. (See People's Mem. of Law at p. 1/4).
CPL § 30.30(4)(b) expressly lists the periods of time that must be excluded from the speedy trial calculation, among which are "continuance[s]... [made] at the request of, or with the consent of, the defendant or his or her counsel." (See CPL § 30.30(4)(b) ["In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel"]).
It is well-established law that adjournments made at the request of the defendant's counsel are excludable pursuant to the plain language of CPL § 30.30(4)(b). See People v Martinez, 186 AD3d 1530, 130 NYS3d 828 [2d Dep't 2020] ["delay occasioned by adjournments at the request of or with the consent of the defense" are excludable under CPL 30.30(4)(b)]. Accord, People v Barnes, 160 AD3d 890, 890, 75 NYS3d 229, 231 [2d Dep't 2018] [adjournment granted at the request or with the consent of the defendant excludable] and People v Hall, 61 AD2d 1050, 1051 [2d Dep't 1978] [adjournments requested by the defendant are not chargeable to the prosecution]. In so holding, courts have reasoned that "CPL § 30.30(4)(b)[,] which provides for exclusion based on defense consent to adjournments, operates on the premise that defendant waived the delay in the proceedings by requesting or consenting to these adjournments." People v Knight, 140 Misc 2d 1075, 1076, 532 NYS2d 485, 486-87 [Sup Ct 1988] [citing People v Worley, 66 NY2d 523 at 527, 498 NYS2d 116 [1985]].
In addition, it is well-settled law that adjournments at the request of the defendant for the purpose of engaging in plea negotiations are excludable from the speedy trial calculation under CPL 30.30(4)(b). See, e.g., People v Ronzetti, 88 AD2d 982, 983 [2d Dep't 1982] ["it is not disputed that numerous delays were requested by defense counsel...for the purpose of arranging for plea negotiations. These requests were clearly for the benefit of defendant and were properly excluded when computing the time within which the People were required to be ready for trial under CPL § 30.30 (subd 4, par [b])"].
This Court notes that the People have submitted no transcript of the relevant court appearance. Nor is there any evidence from which this Court can conclude that the requested adjournment was for the purpose of a TASC evaluation. However, assuming, arguendo, that the adjournment from May 8, 2023 until May 11, 2023 (3 days) was for the purpose of permitting the defendant to screen for TASC to allow the defendant to obtain a more favorable plea, such time is excludable.
Accordingly, this Court concludes that the time from May 8, 2023 until May 11, 2023 (3 days) is excludable from the speedy trial calculation.
p. May 11, 2023 until July 10, 2023 [60 days]
The defendant apparently contends that the time from May 11, 2023 until July 10, 2023 (60 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(b) because the adjournment was essentially at the defendant's request insofar as the adjournment was for the purpose of permitting the defendant to screen for TASC, for the purpose of obtaining a more favorable plea. (See People's Mem. of Law at p. 1/4).
For the reasons described supra in Section O, to the extent the adjournment from May 11, 2023 until July 10, 2023 (60 days) was for the purpose of permitting the defendant to screen for TASC, for the purpose of obtaining a more favorable plea, such time is excludable.
Accordingly, this Court concludes that the time from May 11, 2023 until July 10, 2023 (60 days) is excludable from the speedy trial calculation.
q. July 10, 2023 until July 21, 2023 [11 days]
The defendant apparently contends that the time from July 10, 2023 until July 21, 2023 (11 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant failed to appear for the scheduled court appearance. (See People's Mem. of Law at p. 1/4).
As noted above, pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence." 
It is this Court's opinion that the time from July 10, 2023 until July 21, 2023 (11 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's eighth unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from July 10, 2023 until July 21, 2023 (11 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
r. July 21, 2023 until September 8, 2023 [49 days]
The defendant apparently contends that the time from July 21, 2023 until September 8, 2023 (49 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(b) because the adjournment was at the defendant's request (See People's Mem. of Law at pp. 1-2/4).
CPL § 30.30(4)(b) expressly lists the periods of time that must be excluded from the speedy trial calculation, among which are "continuance[s]... [made] at the request of, or with the consent of, the defendant or his or her counsel." (See CPL § 30.30(4)(b) ["In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel"]).
It is well-established law that adjournments made at the request of the defendant's counsel are excludable pursuant to the plain language of CPL § 30.30(4)(b). See People v Martinez, 186 AD3d 1530, 130 NYS3d 828 [2d Dep't 2020] ["delay occasioned by adjournments at the request of or with the consent of the defense" are excludable under CPL 30.30(4)(b)]. Accord, People v Barnes, 160 AD3d 890, 890, 75 NYS3d 229, 231 [2d Dep't 2018] [adjournment granted at the request or with the consent of the defendant excludable] and People v Hall, 61 AD2d 1050, 1051 [2d Dep't 1978] [adjournments requested by the defendant are not chargeable to the prosecution]. In so holding, courts have reasoned that "CPL § 30.30(4)(b)[,] which provides for exclusion based on defense consent to adjournments, operates on the premise that defendant waived the delay in the proceedings by requesting or consenting to these adjournments." People v Knight, 140 Misc 2d 1075, 1076, 532 NYS2d 485, 486-87 [Sup Ct 1988] [citing People v Worley, 66 NY2d 523 at 527, 498 NYS2d 116 [1985]].
In this case, to the extent the adjournment from July 21, 2023 until September 8, 2023 (49 days) was at the defendant's request, such time is excludable.
Accordingly, this Court concludes that the time from July 21, 2023 until September 8, 2023 (49 days) is excludable from the speedy trial calculation.
s. September 8, 2023 until September 13, 2023 [5 days]
The defendant apparently contends that the time from September 8, 2023 until September 13, 2023 (5 days) is chargeable to the People.
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ) because the defendant was "in warrant status." (See People's Mem. of Law at p. 2/4).
As noted above, pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "absent" "whenever his location is unknown and he is attempting to avoid apprehension or prosecution, or his location cannot be determined by due diligence." ([emphases added]). Pursuant to CPL § 30.30(4)( c ) ( i ), a defendant is considered "unavailable" "whenever his location is known but his presence for trial cannot be obtained by due diligence."
It is this Court's opinion that the time from February 1, 2023 until April 20, 2023 (78 days) is excludable pursuant to CPL § 30.30(4)( c )( i ) in light of the fact that the defendant was not present in court and there is no evidence that the defendant's appearance was excused. This Court draws the reasonable inference from defendant's ninth unexcused absence/non-appearance that the defendant was attempting to avoid prosecution. See, e.g., People v Acosta, 76 Misc 3d 868, 873, 174 NYS3d 253, 258 [Crim Ct, Bronx Cnty 2022] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding defendant was "avoiding prosecution" where the defendant appeared three times out of seven dates]. See also People v O'Connor, CR-027406-22SU [Dist Ct, Suffolk Cnty, Oct. 24, 2023] [Sachs, J.] [time attributable to defendant's non-appearance excludable from speedy trial calculation pursuant to CPL § 30.30(4)( c )( i ); concluding inference that defendant "intended to avoid prosecution" was proper where the defendant failed to appear six times].
Accordingly, this Court finds that the time from September 8, 2023 until September 13, 2023 (5 days) is excludable pursuant to CPL § 30.30(4)( c )( i ).
t. September 13, 2023 until October 4, 2023 [21 days]
The defendant apparently contends that the time from September 13, 2023 until October [*9]4, 2023 (21 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status from September 13 until December 8, 2023. (See People's Mem. of Law at p. 2/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022, but the motion was held in abeyance for plea negotiations. (Court file). The People filed their opposition on October 27, 2023, and defendant filed his reply on November 15, 2023.
Accordingly, this Court finds that the time from September 13, 2023 until October 4, 2023(21 days) is excludable pursuant to CPL § 30.30(4)(a).
u. October 4, 2023 until October 27, 2023 [23 days]
The defendant apparently contends that the time from October 4, 2023 until October 27, 2023 (23 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status from September 13 until December 8, 2023. (See People's Mem. of Law at p. 2/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022, but the motion was held in abeyance for plea negotiations. (Court file). The People filed their opposition on October 27, 2023, and defendant filed his reply on November 15, 2023.
Accordingly, this Court finds that the time from October 4, 2023 until October 27, 2023 (23 days) is excludable pursuant to CPL § 30.30(4)(a).
v. October 27, 2023 until November 20, 2023 [24 days]
The defendant apparently contends that the time from October 27, 2023 until November 20, 2023 (24 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status from September 13 until December 8, 2023. (See People's Mem. of Law at p. 2/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022, but the motion was held in abeyance for plea negotiations. (Court file). The People filed their opposition on October 27, 2023, and defendant filed his reply on November 15, 2023.
Accordingly, this Court finds that the time from October 27, 2023 until November 20, 2023 (24 days) is excludable pursuant to CPL § 30.30(4)(a).
w. November 20, 2023 until December 8, 2023 [18 days]
The defendant apparently contends that the time from November 20, 2023 until December 8, 2023 (18 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because the case went into motion status from September 13 until December 8, 2023. (See People's Mem. of Law at p. 2/4).
The Court file indicates that defendant's first motion was filed on December 16, 2022, but the motion was held in abeyance for plea negotiations. (Court file). The People filed their opposition on October 27, 2023, and defendant filed his reply on November 15, 2023.
Accordingly, this Court finds that the time from November 20, 2023 until December 8, 2023 (18 days) is excludable pursuant to CPL § 30.30(4)(a).
x. December 8, 2023 until December 18, 2023 [10 days]
In their opposition to the instant motion, the People concede that the time from December 8, 2023 until December 18, 2023 (10 days) is chargeable to them. (See People's Mem. of Law at p. 2/4).
Accordingly, this Court deems the time from December 8, 2023 until December 18, 2023 (10 days) to be chargeable to the People.
y. December 18, 2023 until January 4, 2024 [17 days]
The defendant apparently contends that the time from December 18, 2023 until January 4, 2024 (17 days) is chargeable to the People
The People contend that this time is excludable from the speedy trial calculation pursuant to CPL § 30.30(4)(b) because the adjournment was at the defendant's request. (See People's Mem. of Law at p. 2/4).
CPL § 30.30(4)(b) expressly lists the periods of time that must be excluded from the speedy trial calculation, among which are "continuance[s]... [made] at the request of, or with the consent of, the defendant or his or her counsel." (See CPL § 30.30(4)(b) ["In computing the time within which the people must be ready for trial pursuant to subdivisions one and two of this section, the following periods must be excluded: (b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his or her counsel"]).
It is well-established law that adjournments made at the request of the defendant's counsel are excludable pursuant to the plain language of CPL § 30.30(4)(b). See People v Martinez, 186 AD3d 1530, 130 NYS3d 828 [2d Dep't 2020] ["delay occasioned by adjournments at the request of or with the consent of the defense" are excludable under CPL 30.30(4)(b)]. Accord, People v Barnes, 160 AD3d 890, 890, 75 NYS3d 229, 231 [2d Dep't 2018] [adjournment granted at the request or with the consent of the defendant excludable] and People v Hall, 61 AD2d 1050, 1051 [2d Dep't 1978] [adjournments requested by the defendant are not chargeable to the prosecution]. In so holding, courts have reasoned that "CPL § 30.30(4)(b)[,] which provides for exclusion based on defense consent to adjournments, operates on the premise that defendant waived the delay in the proceedings by requesting or consenting to these adjournments." People v Knight, 140 Misc 2d 1075, 1076, 532 NYS2d 485, 486-87 [Sup Ct 1988] [citing People v Worley, 66 NY2d 523 at 527, 498 NYS2d 116 [1985]].
In this case, to the extent the adjournment from December 18, 2023 until January 4, 2024 (17 days) was at the request of the defendant's counsel, such time is excludable.
Accordingly, this Court concludes that the time from December 18, 2023 until January 4, 2024 (17 days) is excludable from the speedy trial calculation.
z. January 4, 2024 until February 20, 2024 [47 days]
The defendant apparently contends that the time from January 4, 2024 until February 20, 2024 (47 days) is chargeable to the People.
The People contend that the time is excludable pursuant to CPL § 30.30(4)(a) because on January 4, 2024, the court scheduled a pre-trial hearing for February 20, 2024. (See People's Mem. of Law at p. 2/4).
The Court file indicates that a hearing was scheduled for February 20, 2024. (Court file).
Accordingly, this Court finds that the time from January 4, 2024 until February 20, 2024 (47 days) is excludable pursuant to CPL § 30.30(4)(a).
As discussed herein (see Section C, infra), this Court has determined that the People's Supplemental CoC/SoR dated January 29, 2024 is invalid and failed to stop the running of the speedy trial clock.
The People's Supplemental CoC/SoR filed on February 20, 2024 is valid and sufficient to stop the running of the speedy trial clock.
Consequently, this Court concludes that there are a maximum of one-hundred and twenty-one days (121) days [from July 1, 2022 until August 2, 2022 (31 days); from August 2, 2022 until August 12, 2022 (10 days); from August 12, 2022 until August 24, 2022 (12 days); from August 24, 2022 until September 19, 2022 (26 days); October 3, 2022 until October 24, 2022 (21 days); April 20, 2023 until May 1, 2023 (11 days); December 8, 2023 until December 18, 2023 (10 days)] elapsed on the speedy trial clock.
Thus, the defendant's motion to dismiss based upon a speedy trial violation is GRANTED.
C. Instant Motion to Strike the People's CoC/SoR
The defendant also moves to strike the People's initial CoC/SoR, dated October 3, 2022, as well as the January 29, 2024 Supplemental CoC/SoR as invalid, on the grounds that the People failed to comply with the discovery obligations set forth by CPL § 245.20 prior to certifying on both occasions. (See Def.'s Aff. at ¶¶ 15-16).
Specifically, the defendant contends that the People failed to disclose body cam footage prior to certifying on February 20, 2024, when such material was both disclosable and in the People's constructive possession from the commencement of the action. (See Def.'s Aff. at ¶¶ 15-16).
CPL article 245 requires the People to serve and file a CoC with the court prior to stating readiness under CPL § 30.30 [see CPL § 245.50[3]]. In order for the People to be ready for trial, the People must: "(1) file a certificate of good faith discovery compliance; (2) file a valid statement of readiness and (3) certify the facial sufficiency of the accusatory instrument." (People v Ramirez-Correa, Docket CR-018674-20QN [Crim Ct, Queens Cnty 2021]).
In their opposition, the People argue that in July 2022 (the time of the arrest), the police department's use of body worn cameras was part of "an experimental precinct using body worn cameras." (See People's Mem. of Law at p. 3/4). The People further explain:
"The manner in which the body camera videos were uploaded to the People's internal system was inconspicuous and no ADA on the file was ever notified that these videos existed or had been uploaded. Typically when the People's intake bureau approves an arrest as it comes in, the ADA is informed whether there is body camera or nor and at that time requests the officers to immediately share any and all discovery associated with the case."
(Id. at p. 3/4).
The People concede that the evidence "should have been turned over sooner," but that the appropriate sanction is preclusion rather than dismissal. (Id. at p. 3/4).
It is undisputed that CPL § 245.20(1)(g) requires the People to disclose "[a]ll tapes or other recordings...made or received in connection with the alleged criminal incident...." CPL § 245.20(1)(g).
CPL § 240.20(2) requires the People to "make a diligent, good faith effort to ascertain the [*10]existence of material or information discoverable under [CPL § 240.20(1)]" prior to filing their CoC/SoR. (See CPL § 240.20(2)). The Court of Appeals recently noted that the statute does not define "due diligence," but "reasonableness...is the touchstone." See People v Bay, 41 NY3d 200 [2023].
It is the opinion of this Court that the steps taken by the People were insufficient to meet the statutory standard of good faith and due diligence in this case. While the individual ADAs are not to be faulted for lack of awareness of (what was then) an experimental program, it is undisputed that the body camera surveillance evidence existed from the beginning of the case and was in the People's constructive possession. Moreover, this Court concludes that the People must be proactive in inquiring of the officers whether body camera footage existed; the act of merely checking an on-line portal to see whether body cam footage was uploaded is not sufficient to constitute "due diligence." It is this Court's understanding that the People did not speak with a single person regarding the existence of video footage. The People may certainly rely upon an automated system to obtain, store and share relevant evidence, but they rely exclusively upon such technology at their own risk.
Accordingly, the defendant's motion to strike the People's initial CoC/SoR dated October 3, 2022, as well as the January 29, 2024 Supplemental CoC/SoR, for failure to comply with CPL article 245 is GRANTED.
The defendant's remaining arguments are DENIED as moot.
By reason of the foregoing, the defendant's motion to dismiss all counts pursuant to CPL § 30.30 and § 170.30(1)(e) on the grounds that his statutory speedy trial rights were violated is GRANTED. The defendant's motion to strike the People's October 3, 2022, CoC/SoR and Supplemental CoC/SoR, dated January 29, 2024, is GRANTED. The defendant's remaining motions are DENIED as moot.
This shall constitute the decision and Order of the Court.
Dated: June 20, 2024
HON. ERIC SACHS, J.D.C.

Footnotes

Footnote 1:This charge was subsequently superceded and dismissed. See CPL § 100.50(1).

Footnote 2:Courts have held that, for speedy trial purposes, the speedy trial time begins to run on the day following the commencement of the criminal action. See People v Stiles, 70 NY2d 765, 520 NYS2d 745 [1987]. In this case, the speedy trial clock would start to run on July 1, 2022. 

Footnote 3:In this Court's decision and order dated December 7, 2023, this Court found the time from July 1, 2022 until August 2, 2022 (31 days); from August 2, 2022 until August 12, 2022 (10 days); from August 12, 2022 until August 24, 2022 (12 days); from August 24, 2022 until September 19, 2022 (26 days) to be chargeable to the People. To the extent the People now contend (in their opposition to the defendant's second motion) that the time from August 2, 2022 until August 12, 2022 (10 days); from August 12, 2022 until August 24, 2022 (12 days); from August 24, 2022 until September 19, 2022 (26 days) is not, in fact, chargeable to them, such contention is barred by the law of the case doctrine. If the People wished to challenge this Court's prior findings, the proper course would have been for the People to file a motion for reconsideration (motion to reargue/renew) with respect to this Court's earlier decision and order. No such motion was filed. This Court declines to revisit its rulings with respect to the contested time periods for purposes of the instant motion.